NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-167-HRW

JAMES FRANKLIN FREEMAN                                                         PETITIONER

**MEMORANDUM OPINION AND ORDER**

UNITED STATES BUREAU OF PRISONS                                       RESPONDENT

James F. Freeman, who is currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2241 [Record No. 2]. He has paid the $5.00 filing fee.

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

-1-

The named respondent is the Federal Bureau of Prisons ("BOP"). The proper respondent in a §2241 petition, however, would be Joe Booker, the warden of FMC-Lexington and the petitioner's custodian.

## CLAIMS

The petitioner states that he is serving a 280-month sentence (approximately 23.3 years). He argues that the BOP wrongly computes good conduct time credits for prisoners, including himself, and that he is serving a longer sentence than either Congress or his sentencing court intended. Specifically, he contends that he is entitled to 54 days of Good Time Credit ("GTC") for each year of the term of his imprisonment. He claims that the BOP is improperly interpreting 18 U.S.C. §3624(b)(1) and awarding instead only 47 days of GTC for each year of his 280-month sentence which he will actually serve after the deduction of GTC.

The petitioner claims that at the rate of 54 days of GTC per year, for 23.3 years, he would be entitled to 1260 days of GTC. He does not state what the BOP has actually calculated his GTC to be.

## RELIEF REQUESTED

The petitioner asks the Court to enter an order directing the respondent and/or the BOP to recalculate his GTC and award him with 1260 days of GTC.

## DISCUSSION
### 1. Proper Forum

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

## 2. Petition Does Not State Claim for Relief

The petitioner's arguments lack merit and must be dismissed. In a previous §2241 habeas petition filed in this Court, *Petty v. Stine*, London Civil Action No. 05-63-DCR, petitioner Petty challenged the manner in which the BOP calculated good time credits. Petty raised the identical issue that Petitioner Freeman raises here: that the BOP's calculation method deprives federal prisoners of several days of good time credit per year.

After careful evaluation of the issue, the Court dismissed Petty's petition, noting that "a number of reported and unreported cases have upheld the BOP's method of calculating good time credits and have rejected the petitioner's arguments. *See Perez-Olivo v. Chavez,* 394 F.3d 45 (1st Cir. 2005) (noting that "the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions"); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *Moore v. Bureau of Prisons*, 2004 U.S. Dist. LEXIS 23272, (S.D. N.Y.

Nov. 17, 2004); *Young v. Ashcroft*, 2004 U.S. Dist. LEXIS 24305 (D. Or. Nov. 16, 2004); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E. D. N.Y. 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004)." [*See* 05-CV-63-DCR, Mem. Op. & Order, Record No.4, pp. 2-3]

On September 21, 2005, the Sixth Circuit affirmed the Court's dismissal of Petty's habeas petition in a succinct, published opinion. *See Petty v. Stine*, 424 F.3d 509 (6th Cir. 2005). The Sixth Circuit stated as follows:

> The BOP's interpretation of the statute is reasonable. *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir. Dec.16, 2002) (unpublished); *see also Williams v. Lamanna*, No. 01-3198, 2001 WL 1136069, at *1 (6th Cir. Sept.19, 2001) (unpublished). For further discussion, *see Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172, 173-74 (3d Cir.2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 47-54 (1st Cir.2005); and *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir.2004), *cert. denied*, --- U.S. ----, 125 S. Ct. 2921, 162 L. Ed.2d 297 (2005) (all upholding the BOP interpretation).

*Petty v. Stine*, 424 F.3d at 510. *See also* other recent decisions of this Court which adopt the *Petty* decision: *Butler v. Samuels*, 2005 WL 3440483,*5 (E.D. Ky., December 14, 2005); *Hamilton v. Hastings*, 2005 WL 3115270,*2 (E. D. Ky., Nov 21, 2005); and *Miles v. O'Brien*, 2005 WL 2544796, *2 (E.D. Ky., Oct 11, 2005).

The highest appellate authority in this Circuit rejected the same claim in 2005. For this reason, the Court dismisses Petitioner Freeman's §2241 petition, with prejudice, as frivolous. Further, the Court will not certify that an appeal of this decision would be taken in good faith.

CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** that this action is **DISMISSED WITH PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This January 24, 2007.

Signed By:
Henry R Wilhoit Jr.
United States District Judge